UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STACEY CARGILL<br>On behalf of herself and all others<br>similarly situated,<br><br>        Plaintiff,<br>v.<br><br>W. 6 RESTAURANT GROUP, et al.,<br><br>        Defendants. | CASE NO. 1:18-cv-01575<br><br>MAGISTRATE JUDGE<br>DAVID A. RUIZ<br><br><br><br>**MOTION TO DESIGNATE**<br>**ADDITIONAL REPRESENTATIVE**<br>**PLAINTIFFS** |

Plaintiff respectfully moves the Court for an order designating Giavonna Gilbride and Arabella Valencia Barajas—two of the existing opt-ins—as additional representative plaintiffs in this collective action.

The Court previously certified this case as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and designated Stacey Cargill as the representative plaintiff. *See* Order on Joint Stipulation (ECF #21) at ¶¶ 1, 7.

Pursuant to the Court's order, notice was given to potential opt-ins, and fifteen persons opted into the collective action by submitting consent forms. Mss. Gilbride and Barajas are among those opt-ins. They worked as cocktailers and servers for Defendants during the class period and have claims against Defendants for unpaid overtime compensation and tips.

Designating new or additional representatives is a "routine" matter in class and collective litigation. *See Phillips v. Ford Motor Co.*, 435 F. 3d 785 (7th Cir. 2006) (discussed *infra*). In the present case, the participation of Mss. Gilbride and Barajas as additional

representative plaintiffs will be helpful to Plaintiff's counsel in conducting the litigation, and essential to any further settlement negotiations that take place.

    **I.**    **REPRESENTATIVE PLAINTIFFS ARE ROUTINELY ADDED OR SUBSTITUTED IN CLASS AND COLLECTIVE ACTIONS**

Writing for the Seventh Circuit in *Phillips*, Judge Posner observed that "[s]ubstitution of unnamed class members for named plaintiffs who fall out of the case because of settlement or other reasons is a common and normally an unexceptional ('routine') feature of class action litigation both in the federal courts and in the Illinois courts." *Phillips*, 435 F. 3d at 787 (Posner, J.) (parenthetical by the court).

Courts have approved additions and substitutions of representative plaintiffs both before and after class certification. *See, e.g.*, *Birmingham Steel v. Tennessee Valley Auth.*, 353 F. 3d 1331, 1333 (11th Cir. 2004) ("the district court abused its discretion by decertifying the class without permitting class counsel reasonable time to determine whether a new class representative could be substituted"); *Cotterall v. Paul*, 755 F.2d 777, 781 (11th Cir. 1985), *discussed in Birmingham Steel*, 353 F.3d at 1336 (before denying class certification, the district court should have considered whether substitute plaintiffs, if granted intervention, would adequately represent the class); *In re Brewer*, 863 F. 3d 861, 868 (D.C. Cir. 2017) ("Substitution of a new named plaintiff to address the inadequacy of a class representative, a routine feature of class actions, also lies within the district court's discretion") (citing *In re Thornburgh*, 869 F.2d 1503, 1510 (D.C. Cir. 1989).

In the Sixth Circuit, additional representative plaintiffs have been designated as a matter of course. *See Williams v. City of Cleveland*, 771 F. 3d 945, 947 (6th Cir. 2014) (the district court "lifted the stay of Williams's putative class action, simultaneously granting

Williams's pending motion to file an amended complaint to add an additional class representative"); *Scott v. Fairbanks Capital Corp.*, 284 F. Supp. 2d 880, 885, 895 (S.D. Ohio 2003) (granting plaintiffs "leave to file a First Amended Complaint, which joins another representative plaintiff").

## II. DESIGNATION OF A SECOND REPRESENTATIVE PLAINTIFF SHOULD BE GRANTED IN THIS CASE

The proposed designees, Gilbride and Barajas, are already plaintiffs in this action, having opted in under the FLSA, 29 U.S.C. § 216(b). *See, e.g.*, *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 583 (6th Cir. 2009) ("opt-in employees are party plaintiffs") (citing 7B Wright, Miller, & Kane, *Federal Practice and Procedure* § 1807 (3d ed. 2005)).

Having additional representative plaintiffs will be helpful to Plaintiff's counsel in conducting the litigation and essential to settlement negotiations. During the recent mediation, Defendants engaged in highly-unusual conduct directed at the named plaintiff personally. *See* Fed. R. Evid. 408 (conduct during negotiations may be admitted "for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution"). Defendants' tactics included:

- planting a former co-worker in the reception area to accost the plaintiff when she went to the restroom,

- demanding the opportunity for a private discussion between the lead individual defendant and the plaintiff,

- offering a disproportionate payment to the plaintiff as an inducement to compromise the opt-ins' claims.

The Court need not determine whether such tactics are unlawful or even improper. They do give rise to a desire on the part of Plaintiff's counsel to insulate the named plaintiff

3

from further intimidation or influence.  Even the appearance of same would complicate any future settlement of the FLSA collective action, which must be approved by the Court as "fair, reasonable, and adequate" to the plaintiff and opt-ins.  *Kritzer v. Safelite Solutions, LLC*, 2012 U.S. Dist. LEXIS 74994, at *19 (S.D. Ohio May 30, 2012).

### III.     CONCLUSION

For these reasons, the Court should grant the requested designation of additional representative plaintiffs for this collective action.

    Respectfully submitted,

    s/ Scott D. Perlmuter
    Scott D. Perlmuter (0082856)
    2012 West 25th Street, Ste. 716
    Cleveland, Ohio 44113
    216-308-1522
    Fax: 888-604-9299
    tittle@tittlelawfirm.com

    s/ Thomas A. Downie
    Thomas A. Downie (0033119)
    46 Chagrin Falls Plaza #104
    Chagrin Falls, Ohio 44022
    440-973-9000
    tom@chagrinlaw.com

    Counsel for Plaintiff

## CERTIFICATE OF SERVICE

      I hereby certify that on October 8, 2019, the foregoing was filed electronically with the Court.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

      /s/ Scott D. Perlmuter
      Scott D. Perlmuter (0082856)