UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STACEY CARGILL<br>On behalf of herself and all others similarly situated,<br><br>　　　　Plaintiff,<br>　v.<br><br>W. 6 RESTAURANT GROUP, et al.,<br><br>　　　　Defendants. | CASE NO. 1:18-cv-01575<br><br>MAGISTRATE JUDGE<br>DAVID A. RUIZ<br><br><br><br>**FINAL ORDER APPROVING**<br>**SETTLEMENT** |

　　　　Plaintiff Stacey Cargill and Defendants W. 6 Restaurant Group, Ltd., Robert George, Corey May, and Joe Oravec have moved the Court to approve a settlement of this collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).  The proposed settlement is memorialized in an Agreement of Settlement and Release ("Settlement Agreement"), submitted as Exhibit 1 to the parties Joint Motion for Approval of Settlement. Having reviewed the Settlement Agreement and its Exhibits, as well as the pleadings and papers filed in this Action, and for good cause established therein, the Court enters this Final Order and Judgment approving the Settlement as follows:

　　　　1.　　　　The settlement will resolve bona fide disputes involving minimum wage claims under the FLSA as well as other issues.  Plaintiff's Complaint (ECF #1) alleged that she and other cocktailers at Barley House restaurant were denied minimum wages and tips. Defendants denied those claims.  Answer (ECF #12).  Protracted litigation ensued.

　　　　2.　　　　On December 12, 2018, the parties filed a stipulation and proposed order (ECF #18) asking the Court to conditionally certify this case as an FLSA collective action under 29 U.S.C. § 216(b).  At the Court's request, the parties prepared and submitted a revised notice to

potential opt-ins on January 8, 2019 (ECF #19). The Court granted conditional certification and notice on January 24, 2019 (ECF #21).

3. The Court-approved notice was distributed to potential opt-ins and fifteen persons opted into the case by signing consent forms filed with the Court.

4. Discovery commenced on September 27, 2018 with Plaintiff's service of discovery requests upon Defendants. Formal responses by Defendants were initially postponed, due to the parties' intention to pursue mediation, but an informal exchange of documents and data began in December 2018 and continued for several months.

5. Formal discovery resumed and was pursued over many months. The process demanded substantial time and know-how by the parties' counsel.

6. Parallel to the informal discovery, written settlement proposals were exchanged in March 2019 and negotiations continued for eight months. A formal mediation with Mediator James McMonagle was commenced in June 27, 2019 and reconvened on August 6, 2019. However, those sessions were unsuccessful in achieving an agreement.

7. After subsequent communications and proposals, the proposed agreement of settlement was achieved.

8. The settlement will provide individual payments to the Plaintiff and Opt-Ins representing a substantial percentage of their claimed damages. A proposed Table of Individual Payments was submitted to the Court as Exhibit 2 to the Joint Motion for Approval. It allocates the net proceeds of the settlement among the Plaintiff and Opt-Ins in proportion to their approximate claimed damages as determined by Plaintiff's Counsel.

9. The Court finds that the proposed Settlement is fair, reasonable, and adequate and satisfies the standard for approval under the FLSA, 29 U.S.C. § 216(b).

10. The Court approves the Settlement Agreement and orders that it be implemented according to its terms and conditions and as directed herein.

11. The Court finds that the proposed distribution of individual payments to the Plaintiff and Opt-Ins is fair, reasonable, and equitable. The Court approves the Table of Individual Payments and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

12. Plaintiff's Counsel have informed the Court that the present case was an especially difficult one for the representative plaintiff because of the protracted nature of the negotiations and the personal demands placed on her. The Court approves a service award to Plaintiff Stacey Cargill in the amount of $15,000 in recognition of her assistance to Plaintiff's Counsel and her substantial efforts to achieving the settlement on behalf of herself and the Opt-Ins. Smaller service awards are proposed for Opt-Ins Giavonna Gilbride and Arabella Valencia Barajas. Plaintiff's Counsel have informed the Court that Gilbride and Barajas agreed to serve as additional representative plaintiffs and provided valuable service to the case and the group through their efforts. The Court approves service awards to them in the amount of $1,500 each.

13. The Court approves the distribution of attorneys' fees and litigation cost reimbursements to Plaintiffs' Counsel as provided in the Settlement Agreement. The proposed distribution in the amount of $95,000 will cover attorneys' fees and litigation costs combined. This case required substantial time and know-how on the part of Plaintiff's Counsel, with discovery disputes, document and data analysis, and negotiations often occurring simultaneously. Difficult settlement negotiations continued over an eight-month span, including failed mediation sessions with Mediator James McMonagle. The settlement

ultimately achieved was a favorable one for the Plaintiff and Opt-Ins, providing individual payments to them represent a substantial percentage of their claimed damages.

14. The Court dismisses this action, and all claims of the Plaintiff and Opt-Ins, with prejudice. The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Order and Final Judgment immediately.

15. As requested by the parties in the Settlement Agreement, the Court retains jurisdiction over the Action to enforce the terms of the Settlement Agreement and resolve any disputes thereunder.

**SO ORDERED:**

Date: **Feb 28, 2020**

*David A. Ruiz*
David A. Ruiz
United States Magistrate Judge